Filed 1/30/24  P. v. Mendoza CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B327467 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA153388) |
| v. | |
| OSCAR RYAN MENDOZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Roger T. Ito, Judge.  Affirmed with directions.

Sarah M. Javaheri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

This is defendant and appellant Oscar Ryan Mendoza's second appeal challenging his upper term sentence. In his first appeal, we remanded for a new sentencing hearing in light of the passage of Senate Bill No. 567 (2021–2022 Reg. Sess.) while that appeal was pending. In this appeal from the resentencing hearing, defendant contends the trial court's imposition of an upper term sentence was improper on several grounds, including that it fails to accord with the requirements of Penal Code section 1170, as amended by Senate Bill No. 567. Defendant also contends the court failed to recalculate custody credits. We remand with directions to the superior court to recalculate custody credits and otherwise affirm the judgment.

## BACKGROUND

Defendant was convicted by a jury of one count of felony vandalism (Pen. Code, § 594, subd. (a), count 2) and acquitted of arson (§ 451, subd. (d), count 1). The charges arose from an incident in May 2020 in which defendant used a baseball bat to repeatedly strike a car belonging to Marvin Marroquin and then set the car on fire in a residential neighborhood.

At the original sentencing hearing on April 12, 2021, the court conducted a bench trial on the prior strike allegation. The prosecution presented certified records pursuant to Penal Code section 969b regarding defendant's prior convictions. The court found true the allegation that defendant had suffered a prior 2016 conviction for a serious or violent felony (attempted first degree robbery). Defendant made an oral motion to strike the conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529 which the court denied. The court imposed a six-year prison term, selecting the upper term of three years which was then doubled due to the prior strike. Defendant was awarded 644 days of

presentence custody credits (322 actual days, 322 conduct credits). Defendant appealed.

Senate Bill No. 567 went into effect on January 1, 2022. (2021–2022 Reg. Sess.)  It made various changes to Penal Code section 1170, including narrowing the parameters of when a court may impose an upper term sentence.  Accordingly, we reversed defendant's upper term sentence, remanded for a new sentencing hearing and otherwise affirmed defendant's conviction.  (*People v. Mendoza* (Apr. 29, 2022, B311851) [nonpub. opn.].)

After issuance of the remittitur, the resentencing hearing was held on December 16, 2022 before Judge Ito, who had presided over defendant's trial.  Defendant appeared via Webex and was represented by appointed counsel.

The prosecutor filed an amended information alleging two aggravating circumstances:  (1) defendant had suffered prior convictions that were numerous and increasing in seriousness; and (2) defendant had served a prior prison term.  Defendant was arraigned on the amended allegations and denied the aggravating circumstances.

 The trial court and counsel then discussed the court's prior consideration of the certified Penal Code section 969b packet in finding true the allegation of defendant's prior strike conviction. The court stated it had reviewed the certified copy of defendant's CLETS (California Law Enforcement Telecommunications System) report submitted by the People.

The court asked defense counsel if he wanted to be heard further, and counsel submitted.  The court received the CLETS report into evidence and said it was finding "beyond a reasonable doubt those two aggravating circumstances to be true, and I will resentence [defendant] to the high term of three years in state prison, term to be doubled because of the prior strike offense."

3

Defense counsel interjected and said he had not had the opportunity to renew his *Romero* motion. The court allowed counsel to argue the *Romero* motion. Defense counsel said that because the record indicated defendant "does suffer from mental health issues," the court should consider that as a mitigating circumstance and impose less than an upper term or strike the prior conviction.

The court said it appreciated counsel's argument but that the trial had shown defendant's behavior was unprovoked and abhorrent. The court denied the motion and reiterated that it was imposing an upper term sentence doubled due to the prior strike. The court did not recalculate custody credits, indicating it believed the Department of Corrections and Rehabilitation would do so, if necessary.

This appeal followed.

## DISCUSSION

### 1.    The Upper Term Sentence

Defendant contends the trial court acted outside the scope of its sentencing authority under newly amended Penal Code section 1170, subdivision (b). Defendant says the court improperly considered circumstances related to the crime as aggravating factors and failed to consider his mental illness as a mitigating circumstance. He further argues the court erred in finding that his convictions were increasing in seriousness. Defendant says the CLETS report did not, as a matter of law, establish or otherwise support a finding that his convictions were increasing in seriousness. We reject defendant's contentions.

The passage of Senate Bill No. 567 resulted in several significant amendments to Penal Code section 1170, the statute under which defendant was sentenced. Changes to the language in section 1170, subdivision (b) are relevant here.

4

Penal Code section 1170, subdivision (b)(1) now provides that the middle term of a sentencing triad is the presumptive term. (*Ibid.* ["When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."].)  An upper term sentence is not statutorily authorized unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (*Id.,* subd. (b)(2).)

Notwithstanding this limiting language, the sentencing court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (Pen. Code, § 1170, subd. (b)(3).)  While there is some disagreement among the Courts of Appeal, we agree with *People v. Wiley* (2023) 97 Cal.App.5th 676 that the amended language of section 1170, subdivision (b)(3) "does not specify the court is limited to finding that a prior conviction occurred; instead, it states the court may 'consider the defendant's prior convictions in determining sentencing.' (§ 1170, subd. (b)(3).) And, as our Supreme Court has recognized in the context of the prior conviction exception to the constitutional jury trial right, consideration of prior convictions may establish recidivism-based aggravating factors such as increasing seriousness of the convictions." (*Wiley,* at p. 686, petn. for review pending, petn. filed Jan. 8, 2024; see also Cal. Rules of Court, rule 4.421 [aggravating circumstances include that a defendant's convictions are numerous

or increasing in seriousness and that a defendant has served a prior prison term].)

After reviewing certified records of defendant's prior convictions, the court here made factual findings that defendant's convictions were numerous and increasing in seriousness, and that defendant had served a prior prison term. The court therefore acted within the scope of its authority under the amended language of Penal Code section 1170, subdivision (b)(3).

Defendant mischaracterizes the court's ruling in urging us to find that the court improperly relied on factors related to the crime that must be either admitted by defendant or submitted to the jury. (Pen. Code, § 1170, subd. (b)(2).) The court only mentioned the violence and abhorrent nature of defendant's actions in denying defendant's renewed *Romero* motion. At that point, the court had already stated its ruling that it was imposing the upper term based on its findings regarding the two recidivism-based aggravating circumstances consistent with the language of section 1170, subdivision (b)(3).

We also reject defendant's argument that the court failed to give adequate consideration to his mental illness as a mitigating circumstance. The record demonstrates the court, which had presided over defendant's trial, was well aware of defendant's claim he suffered from mental illness. It is not our role to reweigh the factors considered by the court in exercising its sentencing discretion.

Defendant next argues that we should independently review the CLETS report and find that it fails as a matter of law to establish that his prior convictions are increasing in seriousness. Defendant acknowledges that abuse of discretion is ordinarily the standard of review in assessing a trial court's sentencing decision under Penal Code section 1170. But he argues that, because the

6

People relied only on the CLETS report and did not offer additional evidence demonstrating the nature of the conduct underlying defendant's crimes, there is no factual dispute to resolve, and de novo review is therefore the correct standard for reviewing the court's order.

We disagree. It is well established that a "trial court's sentencing decision is 'review[ed] for abuse of discretion.'" (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 205, quoting *People v. Sandoval* (2007) 41 Cal.4th 825, 847.) The CLETS report established that in 2016, defendant was sentenced to an upper term of three years for attempted first degree robbery. While in custody on the attempted robbery charge, he committed another felony (damaging jail property) and was sentenced to 16 months on that charge. In 2018, defendant was convicted of assault with force likely to produce great bodily injury which carries a sentencing triad of two, three and four years. Defendant was sentenced to three years of probation and ordered to serve 118 days in jail. In May 2020, while still on probation, defendant then committed the present felony, which included setting a car on fire in a residential neighborhood. Defendant has not shown it was an abuse of discretion for the court to find his criminal conduct was becoming more serious, raising the threat of injury to persons and not just property.

2. **The Custody Credits**

The People concede that a remand is appropriate for the court to recalculate custody credits. We agree that the trial court must recalculate *actual days* of custody credits for the period between the date of original sentencing and the resentencing hearing (613 days) in accordance with *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 (Where, as here, "a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court

7

must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody.").

## DISPOSITION

The judgment of conviction is affirmed. The case is remanded with directions to the superior court to recalculate and award actual days of custody credits for the period between the date of original sentencing and the resentencing hearing. The superior court is ordered to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.



WILEY, J.

8